GREMILLION, Judge,
dissenting.
| ,The appellants purchased this home in 1995, with Lunn acting as the realtor. In 2001, the appellants discovered moisture damage to the home resulting from defective simulated stucco, and undertook repairs. They filed suit in 2002. Appellants press their claims against Lunn on two fronts.
First, appellants argue that the seller had undertaken extensive repairs of this type of damage before the sale. They claim these repairs were undertaken after Lunn was hired as a listing agent.
Second, appellants submit that prior to the sale, Lunn presented a 1991 disclosure form signed by the seller. Appellants say they requested an updated form, and Lunn indicated that since no changes had been made to the property, no update was required.
However, neither the form nor the repairs are important. What is of critical importance is that there is no evidence that the agent knew the damage existed. The fact that it took six years and four experts for the appellants to find this damage in their own home clearly suggests that the damage was quite hidden.
The majority asserts that there is an issue of fact regarding whether the appellants asked the seller in 1995 to update a 1991 disclosure form. However, this only suggests a genuine issue as to that form. It does not suggest a genuine issue as to the alleged damage, which remained hidden for another six years.
Appellants contend that repairs were made to the home in 1995. The majority | incites four pieces of circumstantial evidence regarding these repairs that they find preponderates against the motion for summary judgment. I submit that none of the circumstantial evidence is sufficient to create a material issue of fact regarding Lunn’s knowledge of the alleged repairs, much less Lunn’s knowledge of the damage. In my opinion, the “evidence” is pure conjecture and serves to support the fact that appellants will be unable to meet their burden at trial regarding Lunn’s knowledge.
The trial court was not concerned with whether there was a factual dispute as to a 1991 disclosure form, nor with whether there was a factual dispute as to Lunn’s knowledge of the 1995 repairs. Rather, the trial court was properly concerned only with whether there was a factual dispute as to Lunn’s knowledge of some very well-hidden damage that was not discovered until 2001, six years after the appellants bought and occupied this home. The trial court found that there was no evidence establishing that Lunn knew of the damages. I agree, and thus would affirm the trial court.